

500 Fifth Avenue, 40th Floor
New York, NY 10110

212-257-4880 (p)
212-202-6417 (f)
www.shapiroarato.com

James Darrow
jdarrow@shapiroarato.com
Direct: 212-257-4886

February 20, 2014

<u>VIA ECF</u>

The Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *United States v. Raheem Bert*, No. 12 Cr. 100 (RRM)

Your Honor:

    The defense writes in advance of tomorrow's status conference to advise the Court that Mr. Bert intends to file a motion to dismiss the indictment in this case for the reasons set forth below. In the interest of efficiency, we ask that the Court accept this letter as the Defendant's motion. I have consulted with Assistant U.S. Attorney Douglas Pravda regarding a briefing schedule for the government's response and our reply, and he has advised me that he will let me know the government's position tomorrow once this letter is filed.

    \*    \*    \*

    The indictment should be dismissed for violation of Mr. Bert's rights under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, because trial has not commenced within 70 non-excludable days after Mr. Bert's initial appearance. Indeed, nearly a year of non-excludable time has passed since Mr. Bert appeared on the indictment over two years ago.

    The Act provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Act further provides for the exclusion from the 70 day period of delays due to certain events. As relevant here, the Act excludes "delay resulting from . . . proceedings concerning the defendant," *id.* § 3161(h)(1), and delays authorized by an ends of justice finding by the district court, *see*

The Hon. Roslynn R. Mauskopf
February 20, 2014                                                                                                        Page 2

*id.* § 3161(h)(7).[1]  Failure to bring the defendant to trial by the Act's 70 day deadline "entitles him to dismissal of the charges."  *Bloate v. United States*, 559 U.S. 196, 199 (2010); *see* 18 U.S.C. § 3162(a)(2).

      The 70 day speedy trial period in this case commenced on February 17, 2012, the day after Mr. Bert first appeared on the indictment and pled not guilty.  (*See* Docket Entry No. 10); *United States v. Nixon*, 779 F.2d 126, 130 (2d Cir. 1985) (statutory period begins "only after an appearance at which a not guilty plea has been entered").  The following events then excluded the speedy trial time until March 4, 2013:  First, Judge Levy and this Court ordered exclusions until May 15, 2012.  (*See* Docket Entry No. 11 (February 16, 2012 to March 20, 2012); Docket Entry No. 13 (March 20, 2012 to April 17, 2012); Docket Entry No. 15 (April 17, 2012 to May 15, 2012)).  Next, three overlapping events together excluded the time until February 1, 2013: (1) an exclusion under 18 U.S.C. § 3161(h)(1)(D) ("subsection D") for the delay resulting from the government's filing of a pretrial motion for a protective order on May 14, 2012 (*see* Docket Entry No. 16 at 1), until the Court ultimately granted the motion on June 22, 2012; (2) this Court's exclusion of time on the consent of the parties from June 12, 2012 until July 24, 2012 (*see* Docket Entry No. 19; Order dated June 15, 2012); and (3) another exclusion under subsection (D) for the time from the filing of Mr. Bert's pretrial motion to suppress on June 25, 2012 (*see* Docket Entry No. 22), "through the conclusion of the hearing" on that motion, *i.e.*, when the last post-hearing brief was filed, on February 1, 2013.  (*See* Docket Entry No. 52); *Henderson v. United States*, 476 U.S. 321, 331 (1986) (holding that this provision "excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for a proper disposition of the motion").

      On February 1, 2013, this Court took the motion to suppress under advisement.  It denied the motion just over a year later, on February 3, 2014.  (Docket Entry No. 56).  The first 30 days of this period were excluded under 18 U.S.C. § 3161(h)(1)(H) ("subsection H"), which provides for an automatic exclusion for "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  Specifically, subsection H excluded the 30 day period from February 1, 2013 to March 2, 2013.  *See United States v. Mora*, No. 04 CR. 00530(LAP), 2005 WL 1354042, *3 (S.D.N.Y. June 7, 2005) ("[A] motion is deemed to have been taken under advisement," such that this provision is triggered, "when 'the court receives all the papers it reasonably expects'" (quoting *Henderson*, 476 U.S. at 329)).  Because March 2, 2013 was a Saturday, the excludable period was extended to March 4, 2013.  *See* Fed. R. Crim. P. 45(a)(1)(C).

      However, as the Honorable I. Leo Glasser has observed in a case affirmed by the Second Circuit, the Speedy Trial Act does not automatically exclude any time beyond the first 30 days in which a motion is under advisement.  *See United States v. Upton*, 921 F. Supp. 100, 102 (E.D.N.Y. 1995) (dismissing indictment where the Act "would have permitted an excludable

---

[1] The specific provisions of 18 U.S.C. § 3161(h)(1) relevant here are subsections (D) and (H).  Until 2008, those provisions, were set forth, in identical language, in subsections (F) and (J), respectively.  *See* Judicial Administration and Technical Amendments Act of 2008, 122 Stat. 4291.  Accordingly, the pre-2008 authorities cited below construing pre-2008 subsections (F) and (J) apply with equal force to current subsections (D) and (H).

The Hon. Roslynn R. Mauskopf
February 20, 2014                                                                                                      Page 3

delay of thirty days" during which defendant's motion was under advisement, but "[t]he motion was under advisement by the court considerably beyond that period and was thus in violation of its terms"), *aff'd sub nom. United States v. Dragone*, 78 F.3d 65 (2d Cir. 1996) (per curiam); *see also Mora*, 2005 WL 1354042 at *4 (dismissing indictment where "the motion was not decided within 30 days and no other exclusions were made pursuant to § 3161(h)"); *and see Henderson*, 476 U.S. at 332 (excluding from the speedy trial clock the time from the filing of a motion to suppress, through the hearing on that motion, through the post-hearing "filings in connection with the motion," "plus 30 days for the District Court to take the matter under advisement").[2] Accordingly, the time from March 4, 2013 to today's date was not excluded from the speedy trial clock.  To be sure, the government could have sought an ends of justice continuance under 18 U.S.C. § 3161(h)(7).  *See United States v. Cobb*, 697 F.2d 38, 43 (2d Cir. 1982) (observing that such a continuance "is available on proper findings" when "more than 30 days are needed for proper decision on a difficult motion").  But it did not do so here.  As in *Upton*, "[n]o continuance beyond the thirty days was sought" by the government, "nor could an 'ends of justice' continuance be granted retroactively."  921 F. Supp. at 103.

      The indictment should therefore be dismissed.  The speedy trial clock in this case started on March 4, 2013, and ended 70 days later, on May 13, 2013, over nine months ago.  In light of this straightforward violation of Mr. Bert's speedy trial rights, dismissal of the indictment is mandatory.  *See* 18 U.S.C. § 3162(a)(2); *Upton*, 921 F. Supp. at 103 (same).

      Dismissal should be with prejudice.  In deciding whether to dismiss with prejudice, the Act requires that the Court consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."  18 U.S.C. § 3162(a)(1).  The Court should also consider the prejudice to Mr. Bert.  *See United States v. Taylor*, 487 U.S. 326, 334 (1988).  Each of these factors cuts against permitting the government to reindict this case notwithstanding the violation of Mr. Bert's right to a speedy trial.

      *First*, while possession of a firearm is no trivial offense, Mr. Bert has not been charged with any violence, and there are more serious federal crimes involving weapons, with much higher applicable sentences.  *See United States v. Caparella*, 716 F.2d 976, 981 (2d Cir. 1983) (holding that dismissal for Speedy Trial Act violation should have been with prejudice in part because felony mail theft is not a "serious" crime "absent exaggerating circumstances such as violence").  In any event, that a crime is "serious" does not preclude dismissal with prejudice.  *See Upton*, 921 F. Supp. at 105 (dismissing with prejudice notwithstanding "serious" crime).

      *Second*, as demonstrated above, the facts and circumstances that led to the speedy trial violation could likely have been avoided by the prosecution's attention to procuring an ends of justice exclusion.  The prosecution's failure to do so demonstrates that this case is not a priority for the United States.  *See United States v. Giambrone*, 920 F.2d 176, 180 (2d Cir. 1990) (in

---

[2] Subsection (D), which automatically excludes the time from the filing of a pretrial motion through the conclusion of a hearing on the motion, does not apply while the district court has such a motion under advisement.  *See Upton*, 921 F. Supp. at 102 (citing *United States v. Cobb*, 697 F.2d 38, 43 (2d Cir. 1982)).

The Hon. Roslynn R. Mauskopf
February 20, 2014
Page 4

dismissing with prejudice "the court may properly take into account a demonstrably lackadaisical attitude on the part of the government"); *Upton*, 921 F. Supp. at 103 ("[T]he defendant is not obligated to bring himself to trial. The duty rests upon the state to bring prosecutions to a speedy conclusion.").

*Third*, the Second Circuit views "a violation of any of the Act's time limitations as negatively impacting on the administration of the act," and as to the administration of justice, "[i]t must be remembered that a speedy trial is not only viewed as necessary to preserve the rights of defendants," but "[j]ust as significant is the protection it accords to society's interest in bringing criminals to justice promptly." *Caparella*, 716 F.2d at 981.

*Finally*, this Court should consider the very real prejudice to Mr. Bert, who has been an indicted but untried defendant now for over two years, nearly a year of which (*i.e.*, since March 4, 2013) has been non-excludable time. "The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty, for whether he is free on bail or not, . . . [the delay] may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family, and his friends." *Giambrone*, 920 F.2d at 180-81 (citation omitted).

The indictment should also be dismissed for the independent violation of Mr. Bert's constitutional right to a speedy trial. This inquiry is guided by the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972)—"[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant"—each of which warrant dismissal. First, a delay of over two years is "presumptively prejudicial." 407 U.S. at 530-31; *see Doggett*, 505 U.S. at 652 n.1 ("the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year"). Second, as discussed above, governmental "negligence" that "may have reflected nothing more than [the defendant's] relative unimportance" favors dismissal. *Doggett*, 505 U.S. at 653. Third, this letter constitutes Mr. Bert's timely assertion of his speedy trial rights, and in any event "[t]he rule that the failure of the defendant to demand a trial gives rise to a finding of waiver . . . was rejected in *Barker*," which "teaches instead that the defendant is not obligated to bring himself to trial." *Upton*, 921 F. Supp. at 103.

Respectfully submitted,

/s James Darrow

James Darrow

cc: AUSA Douglas Pravda (by ECF)
Jan A. Rostal, Esq. (by ECF)
Mr. Raheem Bert (by U.S. mail)