

500 Fifth Avenue, 40th Floor
New York, NY 10110

212-257-4880 (p)
212-202-6417 (f)
www.shapiroarato.com

James Darrow
jdarrow@shapiroarato.com
Direct: 212-257-4886

March 21, 2014

<u>VIA ECF</u>

The Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Raheem Bert*, No. 12 Cr. 100 (RRM)

Your Honor:

      The defense submits this reply to the government's March 17, 2014 response to Mr. Bert's motion to dismiss the indictment. The government concedes that Mr. Bert's Speedy Trial Act rights have been violated, and that the indictment should be dismissed. (Letter of Douglas M. Pravda, Mar. 17, 2014 ("Gov't Response"), at 1). We therefore respectfully request that the Court dismiss this case now—the parties can then address at the next conference whether the government should be permitted to re-prosecute it. We also ask that the Court direct the Bureau of Prisons to release Mr. Bert from custody. The government does not argue that the defendant should be detained further, and we are aware of no basis to keep him incarcerated following dismissal of the charges against him.

      \*      \*      \*

      The Court should dismiss this case with prejudice in light of the conceded Speedy Trial Act violation. The government's own response demonstrates its "truly neglectful" and "demonstrably lackadaisical attitude" to Mr. Bert's rights. *See United States v. Taylor*, 487 U.S. 326, 338 (1988) (court may dismiss with prejudice in light of "truly neglectful attitude on the part of the Government"); *United States v. Giambrone*, 920 F.2d 176, 180 (2d Cir. 1990) (court may dismiss with prejudice in light of prosecution's "demonstrably lackadaisical attitude"); *United States v. Montecalvo*, 861 F. Supp. 2d 110, 117 (E.D.N.Y. 2012) (these factors "weigh heavily in favor of a dismissal of the indictment with prejudice"); (*see also* Letter of James Darrow, Feb. 20, 2014 ("Def.'s Motion") at 3-4). The government admits that no fewer than *four* AUSAs, including two supervisors, devoted substantial time, effort and attention to the motion to suppress when it was litigated from June 2012 through February 2013. (Gov't Response 12). The government also admits that those attorneys failed to ensure that the motion

The Hon. Roslynn R. Mauskopf
March 21, 2014 Page 2

was decided within the time limits imposed by the Act. (*Id.* at 9). This conceded disregard of Mr. Bert's straightforward speedy trial rights in connection with a motion so heavily litigated by so many government lawyers reveals, at a minimum, a "truly neglectful attitude" on the part of the government that warrants dismissal with prejudice.

"The responsibility for pursuing a prosecution lies entirely with the government." *United States v. Bufalino*, 683 F.2d 639, 646 (2d Cir. 1982) (citations omitted)); (*see also* Def.'s Motion 3-4). Where a defendant is detained on the government's request (*see* Document No. 5), its obligations under the Speedy Trial Act should be strictly enforced. Here, the government contends that, while two line AUSAs and two supervisors have zealously defended its case against the defendant's motions,[1] those same lawyers somehow "unwitting[ly]" disregarded their obligation to enforce the Speedy Trial Act's crystal-clear time limitations during the entire one-year period after the suppression motion was filed. (*See* Gov't Response 12). It offers no explanation for such an extraordinary lapse, and we find it deeply implausible that four separate lawyers would have accidentally missed the issue in a case where the defendant is detained. Even accepting the government's assertion, the collective negligence of two line AUSAs and two supervisors is "truly neglectful," and warrants dismissal with prejudice.

It is plain that the government has deprioritized its responsibilities under the Act. Tellingly, the government fails to substantiate its conclusory assertion that this problem is "isolated" to Mr. Bert's case. (*Id.*). Dismissal with prejudice is necessary to ensure that the government solves this problem. "It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays." *Taylor*, 487 U.S. at 342. The stronger message is warranted here to induce the government to change whatever faulty procedure is in place to monitor the speedy trial clock during pending motions. Putting the government to the modest inconvenience of re-indictment, *see id.* (such procedure is not "toothless"); *but see* 18 U.S.C. § 3288 (permitting government to re-indict notwithstanding expiration of statute of limitations), will almost certainly result in status quo ante. There is little incentive for the government to change its attitude to the delay caused by pending motions without a strong message from the court system—after all, cases in a holding pattern provide welcome relief from a busy docket. In addition, "it must be remembered that, in the final analysis, the Office operates through its AUSAs," and in light of the failure of four separate AUSAs in this case to protect the defendant's speedy trial rights, "a dismissal with prejudice is called for even if the Office practice generally honors the requirements of the Speedy Trial Act." *Montecalvo*, 861 F. Supp. 2d at 118-19 (dismissing with prejudice where case "was simply not on the Government's radar because of neglect or for some unexplained reason").

The issue is not, as the government suggests, that it merely failed to obtain an ends of justice exclusion that would have been granted. (*See* Gov't Response 11-12). The issue is that the government was persistently inattentive to the speedy trial issue at all. (*See* Def.'s Motion 3-4). To be sure, the government could have sought an exclusion, giving the Court the opportunity to make findings about whether more than 30 days were need to decide the motion. But Mr. Bert

---

[1] For example, the government insisted on pulling and examining the transcripts of every prior proceeding in this case before submitting its response to this motion.

does *not* agree that an ends of justice exclusion would have been valid for the entire time the motion remained pending, or that "the time that has passed since the violation would still have been spent awaiting the Court's resolution of the defendant's motion to suppress." (Gov't Response 13-14). In light of the defendant's incarceration and the one-day hearing at issue, the government cannot seriously argue that this Court would have granted such a lengthy exclusion of time.

None of the government's remaining arguments justify dismissal without prejudice.

For example, the government argues that the delay has not resulted in actual prejudice to the defendant. (*Id.* at 15). This ignores what the government has ignored all along: that Mr. Bert has been detained at the government's request for over two years awaiting trial. (*See* Def.'s Motion 2, 4). When a defendant has been incarcerated for this long, "whatever advantage the government might have derived by the lack of actual prejudice is outweighed by the *presumed* suffering and disruption that the delay and detention caused the defendant and the erosion of public confidence in the criminal justice process that such delay has caused." *United States v. Golom*, 08-CR-310 DLI, 2009 WL 2132618 (E.D.N.Y. July 13, 2009) (emphasis added) (presumed prejudice to incarcerated defendant "weighs in favor of dismissal with prejudice"); *see also Giambrone*, 920 F.2d at 180-81 (affirming dismissal with prejudice even though "delays perhaps did not prejudice [defendant] in terms of a loss of evidence" and where "the only prejudice" articulated was that defendant was under indictment).

The government also takes the defendant to task for not "contact[ing] the Court" earlier to demand a speedy trial, arguing that the timing of this motion somehow indicates Mr. Bert was not prejudiced by being incarcerated during the pendency of the motion to suppress. (Gov't Response 15). This is specious. As the government concedes, it is not Mr. Bert's responsibility to prosecute this case. (*Id.*; *see also id.* at 5). The Honorable I. Leo Glasser, in dismissing with prejudice a case in which "[t]he defendants took no steps to assert their rights to a speedy trial during the entire period of delay," *United States v. Upton*, No CR-90-629, 1995 WL 264168, at *9 (E.D.N.Y. May 1, 1995), explained that "the defendant is not obligated to bring himself to trial. The duty rests upon the state to bring prosecutions to a speedy conclusion." 921 F. Supp. 100, 103 (E.D.N.Y.), *aff'd sub nom. United States v. Dragone*, 78 F.3d 65 (2d Cir. 1996) (per curiam). The Second Circuit has repeatedly reaffirmed this principle. *See also, e.g., United States v. Vasquez*, 918 F.2d 329, 336 (2d Cir. 1990) ("[T]he government's affirmative obligation to insure the speedy prosecution of criminal charges is not relieved when a defendant does not take positive steps to insure that he will be tried in a timely manner."); *United States v. Tunnessen,* 763 F.2d 74, 79 (2d Cir. 1985) ("Defendants had no obligation to take affirmative steps to insure they would be tried in a timely manner."). In any event, the timing of this motion does not indicate any lack of prejudice to Mr. Bert. While the Court ultimately denied our motion to suppress, we believed when we filed it that the motion was strong and should have been granted, resulting in a disposition of this case without the necessity of a trial. Mr. Bert then asserted his speedy trial rights as soon as the motion was denied, well within the statutory period for doing so. *See* 18 U.S.C. § 3162(a)(2).

The government also asks the Court to permit it to re-prosecute this case on the ground that "the greater harm would surely come . . . where the defendant would not have to face the

The Hon. Roslynn R. Mauskopf
March 21, 2014                                                                                                          Page 4

consequences of his actions in a court of law." (Gov't Response 14).  The Court should reject this blatant invitation to reverse the presumption of innocence.  The only "consequence" Mr. Bert faces under the Due Process Clause is a trial, and the government can hardly complain about the harm of foregoing a trial in this case when it has, until now, been so disinterested in bringing one about, particularly where the defendant has already spent the past two years in prison.  That the government believes Mr. Bert will be found guilty does not relieve it of its responsibilities under the Speedy Trial Act.  That the crimes it has elected to charge are "serious" is of limited relevance.  The government does not dispute that there are much more serious federal crimes than those charged here, that Mr. Bert has not himself been charged with violence, and that even the "serious" nature of a charged crime does not preclude dismissal with prejudice. (Def's Motion 3); *see also Mancuso*, 302 F. Supp. 2d at 26 n.1 (acknowledging that "[a]ny felony charge is serious," but that "there are degrees of seriousness" for speedy trial purposes).[2]

---

[2] The dismissal without prejudice in *United States v. Munlyn*, 607 F. Supp. 2d 394 (E.D.N.Y. 2009), does not help the government.  In *Munlyn*, the defendant suffered no prejudice because he was already serving a seventeen-year state sentence, and there were only 35 days of unexcluded delay.  *Id.* at 395, 400.

The Hon. Roslynn R. Mauskopf
March 21, 2014                                                                                                    Page 5

      Finally, while it need not reach the issue in light of the government's confession of statutory error, the Court should reject the government's argument that there was no constitutional violation here under *Barker v. Wingo*, 407 U.S. 514 (1972). *First*, as to the length of the delay, the government does not appear to dispute that a delay of over two years is presumptively prejudicial. (*See* Def.'s Motion 4 (citing cases)). Moreover, for the reasons discussed above, the government fails to establish that "[t]he total period of delay," *i.e.*, including the time the motion to suppress was pending, was "not unreasonable." (Gov't Response 3). That delay therefore warrants dismissal. *Second*, the government offers no justification for the nearly one-year delay in deciding the motion. Only its lackadaisical attitude toward the defendant's speedy trial rights can explain why it did nothing to advise the Court that the speedy trial time was running.[3] *Third*, Mr. Bert has fulfilled his "responsibility to assert his right" to a speedy trial as soon as his motion to suppress was decided. *Barker*, 407 U.S. at 528; *see also Upton*, 921 F. Supp. at 103. *Fourth*, as discussed above, this Court should presume prejudice in light of the length of the delay and the fact of Mr. Bert's incarceration. This case should therefore be dismissed with prejudice in light of the independent violation of Mr. Bert's constitutional right to a speedy trial.

                                                                             Respectfully submitted,

                                                                             /s  James Darrow

                                                                             James Darrow

cc:       AUSA Douglas Pravda (by ECF)
           AUSA Maria Cruz Melendez (by ECF)
           Jan A. Rostal, Esq. (by ECF)
           Mr. Raheem Bert (by U.S. Mail)

---

[3] In a footnote, the government blames the defendant for "caus[ing] additional delay" by objecting to its *ex parte* attempt to correct the transcript of the suppression hearing. (Gov't Response 4 n.2). This miniscule delay did not factor into the time the motion was pending, and in any event could have been avoided if the government's approach had been transparent from the outset.